Uniontown Board of Councilmen, et al., *v.* H. K. Berry.
H. K. Berry *v.* W. P. D. Bush.

**Summons—Service of Process.**

A summons served against the councilmen of Uniontown will not require the Uniontown Board of Common Council to appear and answer.

APPEAL FROM UNION CIRCUIT COURT.

March 8, 1877.

Opinion by Judge Pryor:

The original action of Berry against Payne sought a personal judgment only, and the court having rendered such a judgment the cause was disposed of.  The cross-petition of Payne was never revived against the town of Uniontown, and in the attempt to revive against the heirs of David, with whom Payne was litigating, the proceeding to revive was dismissed.

The amended petition was improperly filed, and while it may be treated as an original proceeding against those who entered their appearance, it cannot be so regarded as against those who refused to answer.  There was nothing in court to amend.  The original petition had answered its purpose, and the judgment in it gave to the

plaintiff all he asked for. Nor are we satisfied that the appellant, the Uniontown Board of Common Council, was before the court. The summons was against the councilmen of Uniontown. The action was against the Board of Common Council. The service was on the chairman of the Uniontown Council. The judgment in this case was by default against the town upon a question involving wharf privilege for a considerable extent along the bank of the Ohio river fronting town.

Whether the process was served on the chief officer of the municipality or corporation this court is unable to state, and it is manifest that upon such an irregular proceeding, except as to who appeared to the action, the judgment should not be appealed. The judgment, in so far as it affects the right to the landing privileges as between the town and the appellees claiming through David's heirs, is reversed, in order that the right of such may be litigated. The purchaser of those privileges has filed exceptions to the commissioner's report of sale on the ground that no title passed. These exceptions are not disposed of, but as the judgment is reversed this will also dispose of the exceptions, leaving the question as to which of the parties, the town of Uniontown or David's heirs, owned the landing privileges, to be determined. The cause is remanded for further proceedings consistent with this opinion.

As to the appeal of Berry against Bush the report of sale was properly confirmed. The appellant sought the sale of the property to pay his debt. It was at his instance that the property was sold. He knew the character of title to all the property, and the fact that the claim of the town to the landing privileges may prove successful and thereby endanger the collection of his claim affords no ground for setting aside the sale to Bush. Appellant had the two pieces of property out of which to make his debt, and having asked the chancellor to sell, the fact that the title to one may prove defective is no reason for disturbing the right of the purchaser as to the other.

Judgment *affirmed*. Judge Cofer not sitting.

*W. P. D. Bush, for appellants.*

*A. J. James, for appellees.*